Errol B. Taylor (ET 6742)
John M. Griem, Jr. (JG 2609)
Claire A. Gilmartin (CG 0066)
MILBANK, TWEED, HADLEY &
   McCLOY LLP
1 Chase Manhattan Plaza
New York, New York  10005-1413
(212) 530-5000

Attorneys for Plaintiffs
and Counterclaim-Defendants
AstraZeneca AB, Aktiebolaget Hässle,
AstraZeneca LP, KBI Inc. and KBI-E Inc.

## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------X
:
ASTRAZENECA AB,                                                      :
AKTIEBOLAGET HÄSSLE and                                              :
ASTRAZENECA LP,                                                      :   Civil Action No. 07-CV-6790 (CM)(FM)
KBI INC. and KBI-E INC.,                                             :
:
       Plaintiffs and                                                :
           Counterclaim-Defendants,                                  :
:   **ECF CASE**
       v.                                                            :   **ELECTRONICALLY FILED**
:
DR. REDDY'S LABORATORIES, LTD. and                                   :
DR. REDDY'S LABORATORIES, INC.                                       :
:
       Defendants and                                               :
           Counterclaim-Plaintiffs.                                   :
---------------------------------------------------------------------X

**PLAINTIFFS REPLY TO DEFENDANTS DR. REDDY'S LABORATORIES, LTD.
AND DR. REDDY'S LABORATORIES, INC.'S COUNTERCLAIMS**

Plaintiffs AstraZeneca AB, Aktiebolaget Hässle, KBI-E, Inc., KBI Inc., and AstraZeneca LP ("AstraZeneca") hereby reply to the counterclaims of Defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. (hereinafter "DRL" or "Defendants").

To the extent any of paragraphs 1-54 of Defendants' Answer is determined in whole or in part to state counterclaims or the basis for counterclaims, each and every one of the allegations contained therein is denied, except to the extent admitted in AstraZeneca's responses in paragraphs 1-25 below.

To the extent any of Defendants' Affirmative Defenses are determined to state counterclaims, each and every one of the allegations contained therein is denied, except to the extent admitted in AstraZeneca's responses in paragraphs 1-25 below.

To the extent any of Defendants' Request for Relief (a)-(e) is determined to state counterclaims, each and every one of the allegations contained therein is denied, except to the extent admitted in AstraZeneca's responses in paragraphs 1-25 below.

## **THE PARTIES**

1. AstraZeneca admits the allegations contained in paragraph 1.

2. AstraZeneca admits the allegations contained in paragraph 2.

3. AstraZeneca admits the allegations contained in paragraph 3.

4. AstraZeneca admits the allegations contained in paragraph 4.

5. AstraZeneca admits the allegations contained in paragraph 5.

6. AstraZeneca admits the allegations contained in paragraph 6.

7. AstraZeneca admits the allegations contained in paragraph 7.

## JURISDICTION AND VENUE

8. AstraZeneca admits that this action purports to arise under the patent laws of the United States, Title 35 of the United States Code. AstraZeneca admits that Defendants purport to base subject matter jurisdiction on the specific listed sections of the United States Code. The remaining allegations in this paragraph constitute conclusions of law and Defendants' characterization of the case, to which no answer is required; to the extent that they may be deemed allegations of fact, AstraZeneca denies the remaining allegations in paragraph 8.

9. AstraZeneca admits the allegations contained in paragraph 9.

10. AstraZeneca admits the allegations contained in paragraph 10.

11. Other than the information set forth in AstraZeneca's complaint paragraphs 3, 24 and 44, AstraZeneca is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and therefore denies the same.

12. AstraZeneca admits that there is an immediate and justiciable controversy between DRL and AstraZeneca, but otherwise denies the allegations contained in paragraph 12.

## THE PATENTS IN SUIT

13. AstraZeneca admits the allegations contained in paragraph 13.

14. AstraZeneca admits the allegations contained in paragraph 14, except to the extent that the named inventor of the '424 patent is, *inter alia*, Lars Åke Källström, not Lars Åke Källström.

15. AstraZeneca admits the allegations contained in paragraph 15.

3

**FIRST COUNTERCLAIM**

**Declaratory Judgment of Non-Infringement
of the Claims of the '960 Patent**

16. AstraZeneca repeats and incorporates by reference its replies to the allegations set forth in paragraphs 1-15 of the counterclaim.

17. AstraZeneca admits that this counterclaim is for a declaration that DRL's Omeprazole Magnesium Delayed Release Capsules allegedly do not infringe any of the claims of the '960 patent.

18. AstraZeneca admits the allegations contained in paragraph 18.

19. AstraZeneca denies the allegations contained in paragraph 19.

20. AstraZeneca denies the allegations contained in paragraph 20.

**SECOND COUNTERCLAIM**

**Declaratory Judgment of Non-Infringement
of the Claims of the '424 Patent**

21. AstraZeneca repeats and incorporates by reference its replies to the allegations set forth in paragraphs 1-15 of the counterclaim.

22. AstraZeneca admits that this counterclaim is for a declaration that DRL's Omeprazole Magnesium Delayed Release Capsules allegedly do not infringe any of the claims of the '424 patent.

23. AstraZeneca admits the allegations contained in paragraph 23.

24. AstraZeneca denies the allegations contained in paragraph 24.

25. AstraZeneca denies the allegations contained in paragraph 25.

**PRAYER FOR RELIEF**

WHEREFORE, AstraZeneca prays that:

(a) No relief issue to DRL on its counterclaims;

(b) A judgment declaring that the '960 and '424 patents will be infringed by DRL if DRL's Omeprazole Magnesium Delayed Release Capsules are made, used, offered for sale or sold in the United States prior to the expiration of said patents;

(c) A judgment that AstraZeneca's conduct is not exceptional;

(d) A judgment that DRL's conduct is exceptional;

(e) No attorneys fees or costs be awarded to DRL;

(f) Attorneys fees or costs be awarded to AstraZeneca; and

(g) The Court award such other relief as it may deem proper.


Dated: September 10, 2007

By:   /s/ Errol B. Taylor
Errol B. Taylor (ET 6742)
John M. Griem, Jr. (JG 2609)
Claire A. Gilmartin (CG 0066)
MILBANK, TWEED, HADLEY &
   McCLOY LLP
1 Chase Manhattan Plaza
New York, New York  10005-1413
(212) 530-5000

Attorneys for Plaintiffs
ASTRAZENECA AB,
AKTIEBOLAGET HÄSSLE,
ASTRAZENECA LP, KBI INC.
AND KBI-E INC.