# MILBANK, TWEED, HADLEY & McCLOY LLP

1 CHASE MANHATTAN PLAZA

NEW YORK, N.Y. 10005-1413

212-530-5000

FAX: 212-530-5219

LOS ANGELES
213-892-4000
FAX: 213 629-5063

WASHINGTON, D.C.
202-835-7500
FAX: 202-835-7586

LONDON
020-7615-3000
FAX: 020-7615-3100

FRANKFURT
49-69-71914-3400
FAX: 49-69-71914-3500

MUNICH
49-89-25559-3600
FAX: 49-89-25559-3700

JOHN M. GRIEM, JR.
PARTNER
DIRECT DIAL NUMBER
212-530-5429
FAX: 212-822-5429
E-MAIL: jgriem@milbank.com

BEIJING
8610-5123-5120
FAX: 8610-5123-5191

HONG KONG
852-2971-4888
FAX: 852-2840-0792

SINGAPORE
65-6428-2400
FAX: 65-6428-2500

TOKYO
813-3504-1050
FAX: 813-3595-2790

May 1, 2008

**VIA FACSIMILE**
Hon. Colleen McMahon
United States District Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street, Room 640
New York, New York 10007

**MEMO ENDORSED**

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/2/08

Re: *AstraZeneca AB, et al. v. Dr. Reddy's Laboratories, Ltd., et al.*
07-civ-6790 (CM)(FM)

Dear Judge McMahon:

We represent plaintiffs AstraZeneca AB, et al. ("AstraZeneca") in the above matter. We write in response to defendant DRL's April 30 letter.

Unfortunately, it appears that the parties have had different views on the state of the record with respect to AstraZeneca's application to take limited infringement discovery from DRL. AstraZeneca has been waiting for the Court to issue an order on its application, before taking any disputes to Judge Maas. DRL, however, apparently believes that the Court granted AstraZeneca's application and has been waiting, in silence, for AstraZeneca to raise DRL's refusal to provide any discovery with Judge Maas.

DRL relies on the Court's memo endorsement to accuse AstraZeneca of delaying this matter. On November 26, 2007, the Court endorsed AstraZeneca's November 19, 2007 letter as follows: "Is there an objection to this motion? If discovery is objected to, please go see Judge Maas." AstraZeneca's November 19, 2007 letter enclosed a motion to submit AstraZeneca's application to take discovery under seal. That motion was not objected to. The Court's memo endorsement was entered in the record December 4, 2007. In the meantime, on November 28, 2007, DRL had submitted to Judge McMahon its objections to providing any of AstraZeneca's requested discovery. Because the Court had stated during the November 7, 2007

*I directed you to take any discovery disputes to Judge Maas. Not limited – I told you at initial conference that discovery disputes go to Magistrate. This is an unacceptable position for you to take.*

*[Handwritten annotation: That is ABSOLUTELY correct]*

Hon. Colleen McMahon
May 1, 2008
Page Two

conference that it would determine whether any further discovery would be permitted, AstraZeneca believed that the Court would issue a separate order permitting further discovery before the parties could go see Judge Maas.

Based on the memo endorsement, DRL apparently believes that AstraZeneca should have pursued DRL's discovery refusals with Judge Maas. But, if DRL believed that the Court had granted AstraZeneca's application to take discovery, DRL should have provided separate responses and objections to AstraZeneca's requests for documents and things, interrogatories and deposition. Instead, DRL has done nothing to provide any of the limited discovery AstraZeneca presently seeks and has done nothing to frame the issues for efficient resolution by the Court.

AstraZeneca has contacted Judge Maas's deputy regarding submitting the discovery requests to Judge Maas and learned that it cannot do so until the Court enters an order referring discovery supervision to Judge Maas. Accordingly, AstraZeneca respectfully requests that the Court issue an order referring the case to Judge Maas for resolution of the discovery disputes. Once Judge Maas rules on DRL's objections, the parties will conduct any permitted discovery, and the matter will proceed in due course.

AstraZeneca also objects to DRL's suggestion that there is a pending application for summary judgment that the Court could act on. DRL has never made a motion for summary judgment accompanied by the necessary admissible evidence. Contrary to DRL's suggestion, the letters submitted by the parties earlier in the case do not substitute for a properly noticed, briefed and supported motion for summary judgment. The materials and information provided by DRL have not been sufficient for AstraZeneca to conclude that DRL does or does not infringe the patents in suit, for the reasons explained in AstraZeneca's November 19, 2007 application for discovery.

Respectfully submitted,

John M. Griem, Jr.

cc: Louis H. Weinstein, Esq.
    Michael Imbacuan, Esq.
    Counsel for Defendants Dr. Reddy's Laboratories, Ltd., et al. (via facsimile)

---

[1]  DRL does not accurately quote the Court's endorsement in its April 30 letter. DRL misquotes the Court as saying that "the parties" should go see Judge Maas, not what the Court actually said, which is that "[i]f discovery is objected to, please go see Judge Maas." In context, it appears that this polite order was directed to DRL.