**BUDD LARNER**
A PROFESSIONAL CORPORATION
COUNSELLORS AT LAW

150 JOHN F. KENNEDY PARKWAY
SHORT HILLS, NJ 07078-2703
973.379.4800
FAX 973.379.7734
www.buddlarner.com

DIRECT DIAL (973) 315-4538

**MEMO ENDORSED**

May 8, 2008


USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 5/12/08

By Facsimile
Honorable Frank Maas
United States Magistrate Judge
Daniel Patrick Moynihan
United States Courthouse
500 Pearl St., Room 740
New York, NY 10007

Re:  AstraZeneca AB, et al. v. Dr. Reddy's Laboratories, Ltd., et al.
     07 Civ. 6790 (CM)(FM)

Dear Judge Maas:

    We represent defendants Dr. Reddy's Laboratories, Ltd. and Dr. Reddy's Laboratories, Inc. ("DRL") in the above matter. We write to obtain Your Honor's help in expediting our production of certain limited discovery to the AstraZeneca defendants in accord with Judge McMahon's Rulings On AstraZeneca's Request For Infringement Discovery, copy attached. In particular, DRL asks Your Honor to order AstraZeneca to receive the discovery pursuant to the confidentiality agreement that has been operative in this case since last October. The details of that operative agreement are reiterated in a May 6, 2008 letter from Louis H. Weinstein to Errol B. Taylor, copy attached. AstraZeneca is not willing to abide by that agreement. In particular, AstraZeneca is not willing to limit its use of DRL's confidential information to the question of determining whether DRL infringes the patents-in-suit.

    By way of background, DRL has maintained from the start of this litigation that AstraZeneca has no evidence to support a claim that DRL's proposed product infringes the patents-in-suit. On September 19, 2007 counsel for DRL wrote to Judge McMahon suggesting that the issues in this case could be narrowed most expeditiously if DRL filed an early motion for summary judgment. At the September 21, 2007 Initial Pretrial Conference Judge McMahon directed the parties to assume that DRL had made its motion. The Court ordered DRL to produce samples by September 24, 2007 and AstraZeneca was ordered to test these samples by November 1, 2007. DRL produced its samples and DRL responded to AstraZeneca's interrogatories.

    At the November 7, 2007 Conference <u>AstraZeneca reported that it had tested DRL's samples and that AstraZeneca still had no evidence of infringement</u>. The Court gave AstraZeneca 10 days to submit a brief detailing the additional discovery that it

BUDD LARNER
A PROFESSIONAL CORPORATION

Honorable Frank Maas
May 8, 2008
Page 2

sought and explaining exactly why it was needed. AstraZeneca submitted its brief to the Court on November 19. DRL submitted its response on November 28. In its papers DRL objected to all of the requested discovery, DRL explained why the requested discovery could not support a claim for patent infringement, and DRL asked the Court to grant DRL summary judgment.

Judge McMahon has since ruled that "AstraZeneca's discovery requests smack of a fishing expedition." Rulings On AstraZeneca's Request For Infringement Discovery, at Par. (2). Nonetheless, Judge McMahon did order "some modest additional discovery." *Id.* at Par. (3). At the conclusion of this discovery, which is presently set for May 23rd, 2008, AstraZeneca "will have 30 days to decide whether to withdraw the instant action," and if not, DRL "will have 30 days to move for summary judgment." *Id.* at Par. (9).

DRL is prepared to promptly produce the documents called for in the additional discovery on the condition that AstraZeneca will abide by the confidentiality agreement under which DRL has already produced confidential information to AstraZeneca. *See* May 6, 2008 letter from Louis H. Weinstein to Errol B. Taylor. Unfortunately, AstraZeneca is not willing to abide by the existing agreement. In particular, AstraZeneca will not limit its use of DRL's confidential information to the question of determining whether DRL's proposed product infringes the two-patents-in-suit. DRL respectfully asks Your Honor to preserve the status quo and to order AstraZeneca to receive the additional discovery pursuant to the conditions of the existing agreement, as detailed in the attached letter of May 6.

As detailed in the attached letter, the existing agreement allows AstraZeneca to disclose DRL's confidential information and the information derived therefrom to a large but specified group of attorneys, client representatives, AstraZeneca scientists and outside experts. The existing agreement further requires that these persons will continue to not be involved in patent prosecution. Finally, the existing agreement requires that DRL's confidential information and the information derived therefrom will only be used to determine whether DRL infringes the two patents-in-suit.

AstraZeneca has told DRL that it wants DRL to produce the documents called for in Judge McMahon's Ruling by tomorrow. AstraZeneca can have those documents as soon as it agrees to abide by the existing confidentiality agreement. The only information being produced at this time is DRL's confidential information and DRL sees no need for the unusually complicated protective order, copy attached, proposed by AstraZeneca to DRL after the close of business yesterday. That proposed protective is based on the facts of a different case. As Your Honor knows, protective orders are tailored to the facts of

**BUDD LARNER**
A PROFESSIONAL CORPORATION

Honorable Frank Maas
May 8, 2008
Page 3

particular cases and are often the subject of protracted negotiations. We see no reason why the facts and circumstances prevailing in another case should control the disclosure of confidential information here, nor do we think that Judge McMahon intended that the parties change their existing confidentiality agreement or engage in protracted negotiations.

Accordingly, DRL respectfully asks Your Honor to order AstraZeneca to accept the limited discovery ordered by Judge McMahon according to the requirements detailed in the attached May 6 letter. If AstraZeneca chooses not to drop this action and it survives summary judgment, the parties can then negotiate a more complicated protective order of the type proposed by AstraZeneca, if and when a more complicated protective order is needed.

Finally, DRL takes this opportunity to inform Your Honor of a potential glitch in complying with Judge McMahon's order that the deposition of the single DRL witness be completed by May 23, 2008. The appropriate witness will in all likelihood be an Indian national currently located in India. DRL is identifying the appropriate witness and ascertaining the witness's visa status and travel arrangements. Because of visa issues out of DRL's control it will probably not be possible to bring that witness to the United States in time to conduct the deposition before May 23. DRL has offered to produce the witness in India before May 23 or in the undersigned counsel's Short Hills, New Jersey offices as soon as possible. We will keep counsel for AstraZeneca and Your Honor apprised of this issue.

Respectfully submitted,

Louis H. Weinstein

Enclosures
cc:    Counsel for AstraZeneca/by facsimile
       Hon. Colleen McMahon/by facsimile
676922

*Handwritten note:* It is not feasible to have a conference in this matter before the deposition. On the other hand, the issues are set forth in the parties' written submissions in considerable detail. Based on those submissions, AstraZeneca is directed, until further notice, to use the discovery materials to be produced by Dr. Reddy's solely to determine whether the two patents-in-suit have been infringed and not to make them available to anyone involved in patent prosecution. (In other words, only those individuals described in the draft confidentiality agreement may currently see the documents.) If there are any disputes as to who may see the documents at this time, counsel are directed to confer and to submit a joint letter describing the dispute and their positions. Additionally, I will hold a conference on May 30, 2008, at 2 pm. in Courtroom 20A. If this date and time are inconvenient, counsel should place a conference call to my Chambers to reschedule it.
— Maas, USMJ, 5/12/08