UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____x

ASTRAZENECA AB, AKTIEBOLAGET
HASSLE and ASTRAZENECA LP, KBI
INC. and KBI-E, INC.,

Plaintiffs and Counterclaim Defendants,

-against-

DR. REDDY'S LABORATORIES, LTD., and
DR. REDDY'S LABORATORIES, INC.,

Defendants and Counterclaims Plaintiffs.

_____x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: __5/5/10__

07 Civ. 6790 (CM)

ORDER

McMahon, J.:

When I opened the fee award documentation sent by defendants' counsel, I almost fell off my chair.

The fee request is outrageous on its face. Milbank Tweed's analysis of its numerous faults and excesses is compelling.

In fact, the application is so out of line with reality that I would reject it out of hand—except for the fact that, as I have already held, plaintiff's maintenance of this utterly meritless lawsuit demands an award of fees. I realize that I said an award of "full fees" was in order—but that was before I saw the amount demanded, the number of hours for which reimbursement is sought and the number of lawyers who worked on a case that, as structured by this Court, could have been handled by two (one partner and one associate), and should have been handled by no more than three—with the assistance of one paralegal. (The librarian does not get to charge a fee—her services are part of the

firm's overhead). For some reason the firm seeks reimbursement for the services of an expert, in the amount of $12,675, when Section 285 does not authorize an award of expert witness fees. Amsted Indus. Inc., v. Buckeye Steel Castings Co., 23 F.3d 374, 379 (Fed. Cir. 1994).

The billing rates charged by defendants' counsel are perfectly reasonable. In this Circuit, a reasonable fee for the services of defendants' counsel is calculated in accordance with the prevailing fees charged by other attorneys in the community where counsel works—which means that the fees charged by the Budd Larner firm are to be compared to the fees of similarly competent counsel located in the New York City suburbs, specifically in New Jersey (not the fees charged by New York City attorneys). See Simmons v. N.Y.C. Transit Auth., 575 F.3d 170 (2d Cir. 2009). Nothing in the record suggests that the rates charged by Budd Larner (which top out at $395 for services rendered in the most recent billing periods) are out of line with those charged by equally qualified suburban New Jersey attorneys.

But I do not understand AstraZeneca to challenge the propriety of the attorneys' billing rates. I understand it to challenge the reasonableness of the hours expended and the number of professionals who purportedly worked on the matter. That challenge is valid.

The unreasonableness of the fee request is actually appended to the motion papers as Exhibit 5. It is an analysis of median litigation costs for patent litigation at the close of all discovery. In this case, we did not do "all discovery." We did very little discovery. Indeed, the whole point of my managing the case in the way that I did (at defendants' suggestion, I might add) was to forestall massive discovery and reach the merits quickly

in the hope of keeping down the legal fees. I am certain that one minimally competent paralegal could have kept track of the small number of documents that were produced and digested the one and only deposition that was taken.

There was little need here for the work of numerous partners (I count ten, which is inexplicable), associates and technical advisers to the firm. The patent was so simple that even I readily understood it. The legal issues were not complicated, and involved principles well known to experienced patent attorneys, so there was no need for massive amounts of research. And with one associate drafting briefs (I was once a partner in a large firm, so I know how these things work) and one or two partners reviewing the associate's work (not recreating it—if they had to recreate it, then the associate's time should be written off entirely), the briefs needed to litigate this matter should have been easily enough churned out. And if a partner wrote a brief—which is not an impossibility—then there is even less need for all that associate time. The idea that a half million dollars was expended on the appeal alone is mind-boggling. So is the idea that almost $90,000 was spent preparing the fee award motion and this application!

I appreciate that Dr. Reddy's has been put to tremendous expense without necessity. But who could have known that it was victimized twice—once by Astra Zeneca's maintaining a meritless lawsuit, and once by its own lawyers' overstaffing and needlessly running up the clock?

The Court recognizes that the lodestar is the presumed fee, but the lodestar—number of hours worked times hourly rates—is so unreasonable as to rebut the presumption.

It would be impossible for the Court to parse the work performed by all of the various attorneys to determine what services are reasonably compensable without spending hundreds of hours going through these diaries—time better expended on live matters that demand attention. So many attorneys worked on this matter that it would be impossible for the Court to select only some for whose time reimbursement seems appropriate. And some attorneys' diary entries are of limited informational value.

Because the billing rates are reasonable, but the hours expended are not, the Court concludes that the most appropriate (not to mention efficient) way to come up with a reasonable attorneys' fee is simply to come up with a number that seems reasonable, given the amount of work involved in litigating this case.

The Court concludes that the maximum reasonable legal fee for this case, trial, appeal and fee award motion and documentation is $500,000, and that is the amount that I will award. I also award taxable costs on appeal, which were allowed by the Federal Circuit, in the amount of $678; $2,197.10 for court reporting services; and $5,934 for expenses incurred in traveling to India.

Defendants' counsel shall prepare a judgment for the Court to sign.

Dated: May 5, 2010

_____
U.S.D.J.

BY ECF TO ALL COUNSEL